**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Rae'Mon Crawford, | : | Case No. 03:12 CV 952 |
| Petitioner, | : | |
| vs. | : | |
| Keith Smith, Warden, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

### I. INTRODUCTION

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES. Pending are Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, filed April 19, 2012 (Docket No. 1), Respondent's Return, filed August 3, 2012 (Docket No. 5), and Petitioner's Traverse, filed August 13, 2012 (Docket No. 6). Given the filing date of the petition, the provisions of the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) apply. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

For the reasons set forth below, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

## II. FACTUAL BACKGROUND.

Under AEDPA, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The following evidence was presented during this case:

{¶ 2} On March 10, 2010, Crawford entered Cash's Carryout. As Tyson Henderson approached the door of the store, Crawford opened the door and shot at Henderson. Crawford then ran from the scene. The entire event was caught on the store's video surveillance system.

*State v. Crawford*, 2011 Ohio App. LEXIS 2544 (Ohio Ct. App. 2011), *cert. denied* 130 Ohio St.3d 1437 (Ohio 2011).

## III. PROCEDURAL BACKGROUND.

### A. INDICTMENT

Petitioner Rae'Mon Crawford ("Petitioner") was indicted by an Allen County, Ohio, Grand Jury on April 15, 2010, on the following three counts:

| | |
|---|---|
| COUNT 1 | Attempted murder with firearm specification, a violation of OHIO REV. CODE §§ 2923.02(A) and 2903.02(A). |
| COUNT 2 | Felonious assault with firearm specification, a violation of OHIO REV. CODE § 2903.11(A)(2). |
| COUNT 3 | Carrying a concealed weapon, a violation of OHIO REV. CODE § 2923.12(A)(2), (F)(1). |

(Docket No. 5, Attachment 2, pp. 1-4 of 4). Petitioner entered a plea of not guilty to all charges (Docket No. 5, Attachment 4, p. 1 of 7).

On August 9, 2010, Petitioner proceeded to a jury trial (Docket No. 5, Attachment 4, p. 2 of 7). The jury found Petitioner guilty on all counts and the State elected to proceed to

sentencing on the attempted murder charge (Docket No. 5, Attachment 4, pp. 5-6 of 7).[1]

Petitioner was sentenced to a period of ten (10) years plus three (3) years for the charge of attempted murder and the corresponding firearm specification, and a period of one and one-half (1.5) years for the charge of carrying a concealed weapon (Docket No. 5, Attachment 4, pp. 5-6 of 7). The sentences were ordered to be served consecutively (Docket No. 5, Attachment 4, p. 6 of 7). The trial court also imposed an additional consecutive sentence of one and one-half (1.5) years for Petitioner's violation of community control in case number CR2009 0070, for a total sentence of sixteen (16) years (Docket No. 5, Attachment 4, p. 6 of 7).

**B.     THE DIRECT APPEAL.**

Petitioner perfected a notice of appeal in the Third Judicial District Court of Appeals for Allen County, Ohio, on September 10, 2010 (Docket No. 5, Attachment 7). On February 15, 2011, Petitioner presented five assignments of error/issues to the Court of Appeals:

1. The verdict form and the resulting entry were insufficient under R.C. § 2945.75 to support Petitioner's conviction and sentence for Count III, carrying a concealed weapon, as a felony of the fourth degree as reflected in the entry.

2. The trial court erred by denying the defense's *sua sponte* motion under Criminal Rule 29(A) as to Count III, carrying a concealed weapon.

3. Petitioner was denied the effective assistance of counsel as to Counts I and II (attempted murder and felonious assault, respectively).

4. The verdict for Count III was against the manifest weight of the evidence.

5. The verdict for Count III was not supported by sufficient evidence.

(Docket No. 5, Attachment 9, p. 5 of 45).

On March 7, 2011, the State filed its Answer Brief in opposition to each of Petitioner's

---

[1] Attempted murder and felonious assault are allied offenses of similar import. As such, the charges were merged for purposes of sentencing.

issues on appeal (Docket No. 5, Attachment 11, pp. 1-5 of 5). Petitioner filed a Reply Brief on March 10, 2011 (Docket No. 5, Attachment 11, pp. 1-5 of 5). On June 20, 2011, the Court of Appeals affirmed Petitioner's conviction but remanded the matter for re-sentencing on Count III (Docket No. 5, Attachment 12, pp. 1-10 of 10). According to the Appellate Court, Petitioner's verdict form as returned by the jury failed to contain the language necessary to either set forth the degree of the offense or make the charge a fourth degree misdemeanor. *Crawford*, 2011 Ohio App. 2544 at *P6. The State agreed (Docket No. 5, Attachment 12, p. 5 of 10). Therefore, Petitioner's first assignment of error was sustained (Docket No. 5, Attachment 12, p. 5 of 10), and Petitioner was re-sentenced to a term of 180 days on Count III, to run concurrent with the original sentence of Count I, and consecutive to Petitioner's community control violation sentence, for a total sentence of fourteen and one-half (14.5) years (Docket No. 5, Attachment 5, p. 2 of 2).

**B.    APPEAL TO THE SUPREME COURT OF OHIO**

On August 1, 2011, Petitioner filed a timely notice of appeal to the Ohio Supreme Court (Docket No. 5, Attachment 14, pp. 1-2 of 2). In his memorandum, Petitioner set forth only one assignment of error, alleging that he was denied the effective assistance of counsel as to Counts I and II, attempted murder and felonious assault (Docket No. 5, Attachment 15, p. 3 of 27).

On November 18, 2011, Chief Justice Maureen O'Connor found Petitioner's appeal did not involve a substantial constitutional question and therefore denied leave to appeal. *State v. Crawford*, 130 Ohio St.3d 1437 (Ohio Nov. 16, 2011). There was no appeal from this judgment.

**C.    PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed a Petition under 28 U.S.C. § 2254(d) for Writ of Habeas Corpus on April 19, 2012, which is now before this Court, alleging only ineffective assistance of counsel as to

4

Counts I and II, attempted murder and felonious assault (Docket No. 1).

The State opposes the petition and implores this Court to deny the Writ (Docket No. 5).

## IV. ANALYSIS

### A. PROCEDURAL ISSUES

#### 1. PROCEDURAL DEFAULT STANDARD OF REVIEW

As a threshold matter, claims in federal habeas corpus can only be pursued if certain procedural requirements are met. Federal courts lack jurisdiction to consider a habeas petition claim not fairly presented to the state courts. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (*citing Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). A petitioner "fairly presents a federal habeas claim to the state courts only if he 'asserted both the factual and legal basis for his claim.'" *Hicks v. Straub*, 377 F.3d 538, 552 (2004) (*quoting McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). In making this determination, a habeas court may consider whether:

> (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged 'facts well within the mainstream of [the pertinent] constitutional law.

*McMeans*, 228 F.3d at 681.

Not only must a state prisoner fairly present his case to the state courts, he must also *exhaust* his state remedies before bringing his claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b), (c). A habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If there remains

a remedy under state law the petitioner has not yet pursued, exhaustion has not occurred, and the federal habeas court cannot entertain the merits of the claim. *Drummond v. Houk*, 761 F.Supp.2d 638, 662 (N.D. Ohio 2010).

In the case at hand, Petitioner's direct appeal period expired on February 14, 2012, upon expiration of the ninety-day eligibility period for Petitioner to seek Supreme Court review. Petitioner filed his instant petition two months later on April 19, 2012 (Docket No. 1). Therefore, the petition is timely. 28 U.S.C. § 2244(d)(1)(A).

**B.     HABEAS CORPUS PETITION**

To garner federal review, it is essential the legal claims raised by the Petitioner in the state court be the substantial equivalent of the claims raised in his federal petition. Here, Petitioner presented his claim of ineffective assistance of counsel to both the State Appellate and Supreme Courts (Docket No. 5, Attachment 9, p. 5 of 45), making his claim subject to habeas review.

**1.     HABEAS STANDARD OF REVIEW**

An application for a writ of habeas corpus on behalf of a person in custody shall not be granted with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" clearly established federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A decision results in an "unreasonable application" of clearly established federal law when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. at 413. The term "unreasonable" must be based on an objective interpretation. Therefore, a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id*. (*citing Jackson v. Virginia*, 99 S. Ct. 2781, 2792-93 (1979)).

In order to obtain federal habeas corpus relief, a petitioner must establish the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (*quoting Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011)). This bar is difficult to meet because "'habeas corpus is a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 131 S.Ct. at 786 (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Harrington*, 131 S.Ct. at 787.

### 2. CLAIM ONE

In his first and only claim, Petitioner argues that he was denied the effective assistance of

counsel as to Counts I and II, attempted murder and felonious assault, respectively (Docket No. 1, p. 4 of 16). More specifically, Petitioner argues that his trial counsel failed to fully set forth Petitioner's self-defense position by: (1) choosing not to call to the stand Jataven Dukes ("Mr. Dukes"), an alleged witness to Petitioner's crime who claimed to have removed a gun from the victim's person immediately after the shooting; and (2) choosing not to cross-examine the State's witness, Detective Scott Leland ("Detective Leland") about Mr. Dukes' police interview statements wherein Mr. Dukes admitted that he removed a gun from the victim's person (Docket No. 1, p. 6 of 16).

To establish ineffective assistance of counsel, Petitioner must meet the long-established two-prong standard set forth in *Strickland v. Washington* (466 U.S. 668 (1984)), which requires Petitioner to prove that trial counsel's performance was both "deficient" and "prejudicial to the defense." *Strickland*, 466 U.S. at 687. "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Harrington*, 131 S.Ct. at 787(*quoting Strickland*, 466 U.S. at 688). To establish prejudice,

> a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Harrington*, 131 S.Ct. at 787-88 (*quoting Strickland*, 466 U.S. at 687, 693-94).

The *Strickland* standard necessarily sets a high bar that is difficult to overcome. As the Supreme Court reasoned in its decision,

> it is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining

> counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal citations omitted). The question, then "is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 131 S.Ct. at 788 (*citing Strickland*, 466 U.S. at 690). The challenger bears the burden of showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Before reaching the merits of the Appellate Court's decision, it is important to note that "the standards created by *Strickland* and § 2254(d) are both highly deferential . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any *reasonable argument* that counsel satisfied *Strickland's* deferential standard." *Harrington*, 131 S.Ct. at 788 (emphasis added). Based on review of the record, this Magistrate finds the Appellate Court's decision was not an unreasonable application of the *Strickland* standard and recommends the Court deny the Petition for Writ of Habeas Corpus.

First, with regard to deficiency, it is well-established in the Sixth Circuit that "debatable trial tactics do not constitute ineffective assistance of counsel." *State v. Phillips*, 74 Ohio St.3d

72, 85 (Ohio 1995). "It is the obligation of counsel to make reasonable investigations or to make a reasonable decision that makes specific investigations unnecessary. A particular decision not to investigate must be examined for reasonableness under the circumstances with strong measures of deference to counsel's judgments. The failure of trial counsel to call a witness is a decision concerning trial strategy, and, absent a showing of prejudice, such failure does not deprive a defendant of effective assistance of counsel." *State v. Williams*, 74 Ohio App.3d 686, 695 (Ohio Ct. App. 1991).

There are any number of reasons Petitioner's trial counsel might have elected not to call Mr. Dukes to the witness stand or cross-examine Detective Leland about, to use Petitioner's term, Mr. Dukes' alleged "statement against interest." It is not the responsibility of this Court to second-guess that decision or to speculate as to trial counsel's state of mind at the time counsel made that decision. It is only the responsibility of this Court to ensure that all applicable federal legal standards were appropriately applied to Petitioner's case.

Petitioner also failed to make a showing of prejudice. According to the Appellate Court,

> . . . Crawford claims that counsel was ineffective for failing to call a Jatavan Dukes ("Dukes") as a witness to testify that Henderson had a gun. Dukes had previously given a statement to the police that after the shooting, he removed a weapon from Henderson and that the weapon was of the same caliber as some of the shell casings at the scene. Although this court can see how this testimony would initially be useful to a self-defense claim, there is nothing in the record to indicate that Dukes would have testified this way in court. The substance of Dukes' testimony, as claimed by Crawford, would have shown that Henderson had a weapon on his person. It would not have shown that Henderson had the weapon out and it would not have shown that he instigated the violence. Counsel for Crawford inferred that Henderson was armed. Crawford testified that Henderson pointed the gun at him first. There was also testimony that multiple shell casings from guns of two separate calibers was found at the scene. The State, on rebuttal, presented testimony that Henderson was right handed and that he opened the door with his right hand. The videotape showing Henderson approaching the door was shown to the jury. The videotape, which was reviewed by this court, showed that Henderson was not pointing a weapon at the time

> Crawford shot him. Given all of this evidence, Crawford fails to show how Dukes' testimony that Henderson had a weapon on his person created a situation that required him to use deadly force any more than the evidence already presented. Thus, Crawford has failed to make a showing of prejudice and the third assignment of error is overruled.

*Crawford*, 2011 Ohio App. LEXIS 2544 at *P13. This Magistrate is satisfied that the Appellate Court properly understood and applied the *Strickland* standard to Petitioner's claim of ineffective assistance of counsel.

Petitioner cannot say with any reasonable probability that had such testimony been introduced, the resulting verdict would have been different. The record shows that there was adequate videotape surveillance of the entire event (Docket No. 5, Attachment 6, p. 2 of 230). According to the record, nowhere on the video is the victim shown possessing, let alone brandishing, a gun before Petitioner opens fire. Even if Mr. Dukes testified that he removed a gun from the victim's person, there is no evidence to show that the victim had the weapon drawn and pointed at Petitioner prior to Petitioner shooting. No gun was ever recovered (Docket No. 5, Attachment 6, p. 136 of 230). There were no powder burns on the victim's clothes, indicating that the victim had not fired a gun (Docket No. 5, Attachment 6, p. 168 of 230). A witness for the State, also present at the scene, testified that she did not see anyone remove a gun from the victim's person (Docket No. 5, Attachment 6, p. 164 of 230).

Furthermore, the State presented evidence during the trial that the victim was right-handed, and, as evidenced by the video, was reaching for the convenience store door with his right hand at the time of the shooting. As per § 2254(d), these facts are accorded great deference. Petitioner has not now presented any additional evidence to contradict or supplement these facts. In fact, Petitioner admits, in his Traverse, that the State provided a "fair assessment . . . of the facts as found by the Appellate Court" (Docket No. 6, p. 7 of 33). Just because Petitioner would

11

have liked the Appellate Court to accept a different interpretation of these facts does not mean that the Appellate Court's interpretation was unreasonable. Without such an unreasonable interpretation of the prejudice prong, this Court must defer to the State Appellate Court's sufficiency determination. Petitioner's claim that he received ineffective assistance of counsel is not based on substantial evidence and is therefore defeated and not a basis for habeas relief.

## VI. CONCLUSION

For these reasons, the Magistrate recommends the Court deny the Petition for Writ of Habeas Corpus, deny the Motion Brief, and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong<br>United States Magistrate Judge

Date: January 28, 2013

### VII. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.