**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAE'MON CRAWFORD, | ) | CASE NO. 3:12CV952 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| KEITH SMITH, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter comes before the Court on Petitioner Rae'mon Crawford's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted by an Allen County, Ohio, Grand Jury on April 15, 2010, on one count of Attempted Murder with Firearm Specification, one count of Felonious Assault with Firearm Specification, and one count of Carrying a Concealed Weapon. After a jury trial, Petitioner was found guilty on all counts. Petitioner was sentenced to ten years plus three years on the Attempted Murder and the corresponding Firearm Specification, and eighteen months on Carrying a Concealed Weapon, to be served consecutively. The trial court also imposed an additional consecutive sentence of eighteen months for Petitioner's violation of Community Control in another case, for a total sentence of sixteen years.

Petitioner filed a Notice of Appeal in the Third Judicial District Court of Appeals on September 10, 2010. On June 20, 2011, the Court of Appeals affirmed Petitioner's conviction, but remanded the matter for re-sentencing on Carrying a Concealed Weapon. Petitioner was re-sentenced to a term of 180 days on Carrying a Concealed Weapon, to run concurrent with the original sentence on Attempted Murder, and consecutive to Petitioner's Community Control violation sentence, for a total sentence of fourteen and one-half years. On August 1, 2011, Petitioner filed a timely Notice of Appeal to the Ohio Supreme Court. On November 18, 2011, The Ohio Supreme Court found Petitioner's Appeal did not involve a substantial constitutional question and denied leave to appeal.

Petitioner filed the instant Petition on April 19, 2012, asserting the following ground for relief:

**GROUND ONE:** Rae'mon Crawford was Denied the Effective Assistance of Counsel as to Counts I and II (Attempted Murder and Felonious Assault).

On April 20, 2012, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and

2

Recommendation on January 28, 2013. On January 30, 2013, Petitioner filed Objections of Petitioner Rae'mon Crawford to Magistrate's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**ANALYSIS**

Petitioner contends that he was denied effective assistance of counsel because his trial counsel failed to establish a self-defense position. Respondent argues that Petitioner's claim of ineffective assistance of counsel was fully addressed by the Third District Court of Appeals, and Petitioner's trial counsel was found to be satisfactory.

In his Petition, Petitioner does not allege that the Court of Appeals made an unreasonable determination of the facts. Rather, Petitioner states that trial counsel was incompetent and that every previous jurist has been unduly deferential. In order to obtain federal habeas corpus relief, a petitioner must establish the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011)). Petitioner bears the burden of showing that counsel's trial strategy was not within the range of reasonable assistance.

Ineffective counsel claims are governed by the *Strickland v. Washington*, 466 U.S. 668 (1984) standard, in which the United State Supreme Court propagated a two-prong test which would, if met, warrant reversal of a conviction: First, counsel's performance must fall below an objective standard of reasonableness, and second, there is a reasonable probability that counsel's deficient performance prejudiced the prisoner, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* at 687-689. "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Harrington v. Richter*, 131 S.Ct. 787(quoting *Strickland*, 466 U.S. at

688).

Petitioner contends that the Court of Appeals' finding that counsel's performance was not deficient was an unreasonable application of the *Strickland* standard. In his Objections to Magistrate's Report and Recommendation, Petitioner asserts that it is indeed the duty of the jurist to second-guess the decision of counsel and to speculate as to the state of mind of defense counsel. The Court agrees with the Magistrate Judge that it is not.

The Magistrate Judge points out that it is well-established in the Sixth Circuit that "debatable trial tactics do not constitute ineffective assistance of counsel." *State v. Phillips*, 74 Ohio St.3d72, 85 (Ohio 1995). "It is the obligation of counsel to make reasonable investigations or to make a reasonable decision that makes specific investigations unnecessary. A particular decision not to investigate must be examined for reasonableness under the circumstances with strong measures of deference to counsel's judgments. The failure of trial counsel to call a witness is a decision concerning trial strategy, and, absent a showing of prejudice, such failure does not deprive a defendant of effective assistance of counsel." *State v. Williams*, 74 Ohio App.3d 686, 695 (Ohio Ct. App. 1991).

The Magistrate Judge concluded that the Court of Appeals thoroughly addressed Petitioner's claims that counsel was ineffective by not pursuing a particular line of testimony. Petitioner failed to show that such testimony would have resulted in a different verdict. Even if Petitioner now wants to question counsel's strategy, there is no reasonable probability that the result of the proceeding would have been different. The Court of Appeals found that there was nothing to indicate the witness would have

5

testified the way Petitioner wanted. The Court agrees with the Magistrate Judge that the Court of Appeals properly understood and applied the *Strickland* standard to Petitioner's claim of ineffective assistance of counsel. Therefore, the Court finds that Petitioner has failed to demonstrate that the Court of Appeals' interpretation was objectively unreasonable. Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:2/4/2013

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge